**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Oneal Hylton, | CV 13-0002-TUC-LAB |
| Petitioner, | **ORDER** |
| vs. | |
| R. Brock, Warden, Director of the Department of Corrections; et al., | |
| Respondents. | |

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on January 2, 2013, by Travis Oneal Hylton, an inmate confined in the Arizona State Prison Complex in San Luis, Arizona. (Doc. 1)

Magistrate Judge Bowman presides over this action pursuant to 28 U.S.C. § 636(c). (Docs. 8, 11)

The court finds Hylton's claims are procedurally defaulted. He did not raise them before the Arizona Court of Appeals.

Summary of the Case

On December 1, 2009, Hylton pleaded guilty pursuant to a plea agreement to four counts of aggravated assault with a deadly weapon/dangerous instrument. (Doc. 9-1, p. 31) On January 19, 2010, the trial court sentenced Hylton to an aggregate term of imprisonment of fifty-eight years. *Id.*, pp. 53-56

On July 22, 2011, Hylton filed notice of post-conviction relief arguing trial counsel was ineffective. (Doc. 9-2, p. 2) Appointed counsel was unable to find any meritorious claims and requested that the defendant be permitted to file his own petition pro se. (Doc. 9-2, pp. 19-32) Hylton filed his petition on September 19, 2011 arguing trial counsel and PCR counsel were ineffective, his change of plea was not knowing and voluntary, and his sentence was cruel and unusual. (Doc. 9-3, pp. 2-43) The trial court denied relief on January 10, 2012. (Doc. 9-4, pp. 2-9) Hylton concedes in the pending petition that he did not seek review from the Arizona Court of Appeals. (Doc. 1, p. 4); (Doc. 9, pp. 2-3)

On January 2, 2013, Hylton filed the pending petition for writ of habeas corpus. (Doc. 1) He argues his plea was not knowing and voluntary, and counsel was ineffective. *Id.*

The respondents filed an answer on March 21, 2013. (Doc. 9) They assert Hylton failed to present his claims to either the state trial court or the state court of appeals. *Id.* Accordingly, they argue Hylton's claims should be dismissed as procedurally defaulted. (Doc. 9) Hylton filed a reply on May 15, 2013. (Doc. 10) The court finds Hylton's claims are procedurally defaulted.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

- 2 -

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 888 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

Discussion

The court will assume, without deciding, that the claims in the pending habeas petition were raised in Hylton's post-conviction relief (PCR) petition. (Doc. 1)  The trial court denied the PCR petition on January 10, 2012. (Doc. 9-4, pp. 2-9)  Hylton then had 30 days in which to file a petition for review with the Arizona Court of Appeals. *See* Ariz.R.Crim.P. 32.9   He concedes in his pending petition that he did not do so. (Doc. 1, p. 4); (Doc. 9, pp. 2-3)  Hylton therefore did not properly exhaust his claims before the state court. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000).   He cannot remedy this error now because the deadline for filing an appeal has passed.[1]  *See* Ariz.R.Crim.P. 32.9  His claims,

---

[1] In his reply, Hylton states that he filed a late petition for review on April 19, 2013. (Doc. 10, p. 4)  He does not say that the court of appeals accepted his petition and addressed his claims on the merits.  *Id*.  An examination of the Arizona Court of Appeals docket indicates Hylton's petition was dismissed for lateness on April 26, 2013.  https://www.appeals2.az.gov/ODSPlus/caseInfolast.cfm?caseID-124126.  A motion for reconsideration was denied on May 28, 2013.  *Id*.  The mandate issued on September 26, 2013.  *Id*.

1 therefore, are procedurally defaulted. *See Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).

In his reply, Hylton argues that "[n]on-capital Arizona prisoners like Hylton must present there [sic] federal claims to the state trial court[;] that was done." (Doc. 10, p. 4)  He is incorrect. A non-capital prisoner in Arizona must present his claims to the state *appellate* court. *See Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). Hylton did not do that.

Hylton further argues that his default should be excused because he alleges "actual innocence resulting in a fundamental miscarriage of justice." (Doc. 10, p. 5)  Under certain circumstances, a claim of "actual innocence" serves as a "gateway through which a petitioner may pass whether the impediment is a procedural bar or expiration of the statute of limitations." *Stewart v. Cate*, 757 F.3d 929, 937-938 (9th Cir. 2014).  "The Supreme Court has recently cautioned, however, that tenable actual-innocence gateway pleas are rare." *Id*. "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*.

To establish a claim of "actual innocence" the petitioner must first present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995).  Here, however, Hylton does not present any new evidence undermining his convictions. Instead, he argues his plea agreement "did not cite A.R.S. § 13-703 or A.R.S. § 13-704," and therefore he could not legally have been given an "enhanced sentence for dangerous nature offense." (Doc. 10, p. 4)  This is insufficient. *See, e.g., Wildman v. Johnson*, 261 F.3d 832, 843 (9th Cir. 2001) (Petitioner who argued "his consecutive sentences were illegal under the applicable Oregon statute" did not establish factual innocence because he "failed to challenge the facts underlying his convictions."). Hylton has not made a credible showing of "actual innocence" to rescue his procedural default. *See, e.g., Hinkhouse v. Franke*,

2013 WL 943535, at *6 (D. Or. 2013); *Fox v. Belleque*, 2009 WL 2828679, at *5 (D. Or. 2009).

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Here, the court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find the court's conclusions and ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000). Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed on January 2, 2013, by Travis Oneal Hylton is DENIED. (Doc. 1)

IT IS FURTHER ORDERED DENYING the petitioner a certificate of appealability.

The Clerk is directed to prepare a judgment and close the case.

DATED this 18th day of April, 2016.



Leslie A. Bowman
United States Magistrate Judge